IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Allen Findley, ) | Case No. 1:23-cv-1916-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Ashlee Rogers, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that the Court dismiss Plaintiff's amended complaint without further leave to amend and without service of process. Also before the Court is Plaintiff's "motion to change venue." (Dkt. No. 14).[1] For the reasons set forth below, the Court adopts the R&R as the order of the Court, dismisses Plaintiff's amended complaint without leave to amend and without issuance and service of process, and denies Plaintiff's motion to change venue.

**I.   Background and Relevant Facts**

Plaintiff, a pretrial detainee proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights by Defendants. Amended Complaint, (Dkt. No. 9 at 4). In the words of the Magistrate Judge, "In his statement of the claim, Plaintiff alleges numerous unconnected claims that are nonsensical and unintelligible, as they range from allegations of psychic attacks using radio transmitters and allegations of various political conspiracies. He alleges he needs a cell to himself because he is being tortured by inmates

---

[1] Said motion is devoid of any legal argument related to a "change of venue." (Dkt. No. 14 at 1). Rather, in his "motion," Plaintiff reiterates the allegations of his amended complaint. Accordingly, the motion to "change venue" is denied.

'pretending to be on the phone when [they're] not to conjure psychic energy and uttering.' He further alleges he was not provided contact solution he needed. He seeks one million dollars in damages and immediate release." (Dkt. No. 12 at 2). The Court has reviewed Plaintiff's 32-page amended complaint and finds that the R&R accurately describes the contents of said pleading.

On June 20, 2023, the Magistrate Judge issued an R&R recommending the amended complaint be dismissed without leave to amend and without issuance and service of process. (Dkt. No. 12).  Plaintiff did not file objections to the R&R.

## II.  Legal Standards

### a.  *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.  Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's amended complaint should be dismissed without further leave to amend and without service of process as it fails to state a plausible claim for relief. (Dkt. No. 12 at 4-5) (noting, inter alia, that Plaintiff provides no factual allegations to support his complaint and that "Plaintiff does not mention Defendants' names within the factual statement of the amended complaint"); Fed. R. Civ. P. 8(a).

### IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 12) as the order of Court, **DISMISSES** Plaintiff's amended complaint **WITHOUT LEAVE TO AMEND AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**, and **DENIES** Plaintiff's motion to change venue (Dkt. No. 14).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

July 17, 2023<br>
Charleston, South Carolina